

Bryan N. DeMatteo
bryan@demfirm.com

June 30, 2017

**VIA CM/ECF**
The Honorable Judge Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

    Re:        Venice PI, LLC v. Doe—24.187.92.79 *et al*.
                  Civ. A. No. 1:17-cv-04904-ALC

Dear Judge Carter:

    DeMatteo Law, PLLC represents Venice PI, LLC ("Plaintiff") in the above-identified copyright infringement action against various Doe Defendants. In accordance with Local Civil Rule 37.2 and Your Honor's Individual Rules of Practice, Plaintiff respectfully requests permission to file a motion pursuant to Fed. R. Civ. P. 26(d)(1) for leave to take discovery prior to a Rule 26(f) conference and, specifically, for leave to serve subpoenas pursuant to Rule 45 to obtain limited, immediate discovery from Internet Service Providers which provided access to Internet Protocol ("IP") addresses used by Defendants to infringe, in order to learn Defendants' true identities, and for an order pursuant to 47 U.S.C. 551(c)(2)(B) authorizing the Providers to release such information. Plaintiff also requests that the Court postpone scheduling of a Rule 16 conference until the Doe Defendants are named and served. Alternatively, Plaintiff requests a pre-motion conference, at which it will request the above-described relief. As the identities of the Doe Defendants are currently unknown, Plaintiff was unable to confer with opposing parties as required by Fed. R. Civ. P. 37(a)(1) and Your Honor's Individual Rule of Practice 2(A).

    Plaintiff is the production company and owner of a copyright for the highly successful, mainstream motion picture, *Once Upon a Time in Venice* ("the Subject Motion Picture"), starring Bruce Willis, John Goodman, and Famke Janssen. D.I. 1 (Complaint) at ¶ 6, Ex. B. Through its investigators, MaverickEye UG ("MaverickEye," www.maverickeye.de), Plaintiff has learned that, without Plaintiff's authorization, each of the Doe Defendants individually and collectively with other Doe Defendants used BitTorrent file-sharing software ("BitTorrent") to search for, reproduce and distribute over the Internet countless copies of the Subject Motion Picture as part of the same collective network of users, thereby individually and collectively violating Plaintiff's exclusive rights protected by the Copyright Act. *Id*. at ¶ 30. The Doe Defendants identified by Plaintiff in the Complaint are not sporadic, one-time users of the BitTorrent network, but rather are prolific, habitual users, many of whom continue to traffic in copyrighted content to this day. Indeed, *the IP addresses associated with the Doe Defendants in this case were not only observed repeatedly distributing the Subject Motion Picture using BitTorrent, but also confirmed as associated collectively with the distribution of over ten-thousand (10,000) other copyrighted works*. Making matters worse, the Doe Defendants were also each sent at least one Digital Millennium Copyright Act ("DMCA") notice (*see* 17 U.S.C. § 512) on behalf of Plaintiff (most

were sent multiple DMCA notices over time) advising and requesting immediate termination of the infringing conduct.[1] Not only did Defendants continue infringing despite these notices, but MaverickEye observed *all* Defendants making the Subject Motion Picture and other copyrighted content available for download by others as recently as the past week.

The true identities of the Doe Defendants are currently unknown to Plaintiff. The data provided by MaverickEye permits identification of infringement only by the IP addresses and geographic region used by Defendants to infringe Plaintiff's rights. The infringing IP addresses set forth in Exhibit A to the Complaint were identified by MaverickEye as managed by Time Warner Cable, Verizon FiOS, and Altice f/k/a Cablevision d/b/a Optimum Online (collectively, "ISPs") at the time of infringement. D.I. 1 (Complaint) at Ex. A. MaverickEye and Plaintiff's counsel also confirmed that the infringing IP addresses were assigned by the ISPs to certain of their customers ("Subscribers") residing in this judicial district for extended periods of time. *Id.* at ¶ 4.

ISPs maintain IP address assignment logs by date, time, time zone, port number and subscriber identity for each IP address. However, this information is typically kept in the ordinary course of business for limited amounts of time. If Plaintiff provides the ISPs with the information contained in Exhibit A to the Complaint, the ISPs will be able to locate and retrieve the names, postal addresses and email addresses of the Subscribers assigned the IP addresses used to infringe Plaintiff's rights, thereby assisting Plaintiff in identifying the Doe Defendants.

A party may seek discovery prior to a Rule 26(f) conference on good cause shown. *See* Fed. R. Civ. P. 26(d)(1); *see also In re Malibu Media Adult Film Copyright Infringement Cases*, 2015 U.S. Dist. LEXIS 74125 (E.D.N.Y. 2015) ("Courts in this [Eastern] District and in the Southern District of New York generally require a showing of 'good cause' prior to permitting expedited discovery prior to a Rule 26(f) conference.") (quoting *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 86-87 (E.D.N.Y. 2012) (citing *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)). Courts routinely find good cause where: (1) plaintiff makes a *prima facie* showing of a claim of copyright infringement; (2) plaintiff submits a specific discovery request; (3) there is an absence of alternative means to obtain the subpoenaed information; (4) there is a central need for the subpoenaed information; and (5) defendants have a minimal expectation of privacy. *See, e.g., Arista Records*, LLC v. Doe, 604 F. 3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Doe*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *see also Bloomberg, L.P. v. Doe*, 2013 U.S. Dist. LEXIS 130034 (S.D.N.Y. 2013); *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 141127 (S.D.N.Y. 2015).

---

[1] Pursuant to 17 U.S.C. § 512, in certain cases, Internet Service Providers may limit their liability for copyright infringement committed by their customers, *inter alia*, if they provide a means by which to receive DMCA notices from copyright owners. These notices are typically received by the Providers via mail or special email addresses. The Providers then forward the notices to the infringing customers without divulging the customers' identities to the copyright owners. To the extent a particular customer is not the infringer, he/she should be expected to take immediate steps to cease the infringing activity after receipt of such a notice, such as by notifying family members and ensuring that access to any home router is secure.

DEMATTEO LAW, PLLC

   Plaintiff's motion will show good cause for the requested relief.  Plaintiff's Complaint sets forth a prima facie claim of copyright infringement.  *See* D.I. 1 (Complaint) at ¶¶ 14-15, 29-41, 55-64; Ex. B.  Plaintiff's discovery request is also specific and narrowly tailored, seeking only the name, postal address and email address of each of the Subscribers who provided access to the IP addresses used by Defendants to infringe Plaintiff's rights.  This information cannot be obtained via other means, as there are no publicly available records that identify individuals based on IP addresses managed by ISPs.  There is also a central need for this information because Plaintiff cannot litigate its claims without ascertaining the identity and address of each Doe Defendant, as Plaintiff would be unable to serve process.  Finally, courts in New York have found that persons engaging in the downloading and distribution of copyrighted materials have very little expectation of privacy. *See, e.g., Arista Records*, 604 F.3d at 124 (finding that a party's "expectation of privacy for sharing copyrighted [materials] through an online file-sharing network [is] insufficient to permit him to avoid having to defend against a claim of copyright infringement.").

   It is also worth noting that courts in the Southern and Eastern Districts of New York have routinely granted similar motions for early discovery in other multi-defendant actions in which Plaintiff's counsel has sought to stem the tidal wave of illegal BitTorrent file sharing that has decimated the movie and entertainment industry to the tune of many hundreds of billions of dollars.  *See, e.g.,* Disc. Order, *UN4 Productions, Inc. v. Doe— 173.68.177.95 at al.*, No. 1:17-cv-03278-PKC-SMG (E.D.N.Y. June 14, 2017); ECF No. 9; Disc. Order, *ME2 Productions, Inc. v. Doe— 184.75.90.162 et al.*, No. 17-cv-02645-DLC (S.D.N.Y. Apr. 18, 2017), ECF No. 11; Disc. Order Min. Entry, *ME2 Productions, Inc. v. Doe— 72.226.55.88 et al.*, No. 17-cv-01604 (E.D.N.Y. Mar. 27, 2017); Disc. Order, *ME2 Productions, Inc. v. Doe—74.71.172.215 et al.*, No. 17-cv-01049-PGG (S.D.N.Y. Mar. 27, 2017), ECF No. 10; Disc. Order, *LHF Productions, Inc. v. Doe— 24.146.212.177 et al.*, No. 17-cv-01530-NGG (E.D.N.Y. Mar. 24, 2017), ECF No. 9; Disc. Order Min. Entry, *ME2 Productions, Inc. v. Doe—69.125.223.48 et al.*, No. 17-cv-01196 (E.D.N.Y. Mar. 7, 2017); Disc. Order, *ME2 Productions, Inc. v. Doe—68.194.180.74 et al.*, No. 17-cv-00929-LLS (S.D.N.Y. Feb. 28, 2017), ECF No. 12; Disc. Order, *ME2 Productions, Inc. v. Doe—24.44.105.211 et al.*, No. 16-cv-06161-MKB (E.D.N.Y. Dec. 8, 2016), ECF No. 10.

   For the foregoing reasons, it is respectfully requested that the Court permit Plaintiff to file a motion for leave to serve third-party subpoenas on the ISPs and for an order pursuant to 47 U.S.C. 551(c)(2)(B) authorizing the ISPs to release the names, postal addresses and email addresses of the subscribers associated with the IP addresses identified in Exhibit A to the Complaint.  Alternatively, Plaintiff requests a pre-motion conference, at which it will request the above-described relief.

Respectfully submitted,

DEMATTEO LAW, PLLC

/s/ *Bryan N. DeMatteo*
Bryan N. DeMatteo (BD 3557)
(866) 645-4169